UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KENNETH A. HENDREN,

    Petitioner,

v.

JERRY HOWELL, *et al.*,

    Respondents.

Case No. 2:16-cv-00361-APG-PAL

**ORDER**

Introduction

This action is a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Kenneth A. Hendren, a Nevada prisoner. The respondents have filed an answer, responding to all the claims in Hendren's petition for writ of habeas corpus, and Hendren has filed a reply. The Court will deny Hendren's petition.

Background

On December 18, 2009, Hendren was charged, by information, with possession of a firearm by an ex-felon and unlawful possession of a short barreled shotgun, both felonies. *See* Information, Exhibit 6 (ECF No. 16-6). On October 20, 2010, Hendren pled guilty to those charges. *See* Transcript of Proceedings, October 20, 2010, Exhibit 13 (ECF No. 16-13); Guilty Plea Memorandum, Exhibit 14 (ECF No. 16-14). On February 16, 2011, Hendren was sentenced, as an habitual criminal, to two consecutive terms of life in prison, with parole eligibility after 10 years. *See* Transcript of Proceedings, Sentencing, February

16, 2011, Exhibit 16 (ECF No. 16-16); Judgment of Conviction, Exhibit 19 (ECF No. 16-19).

Hendren appealed. *See* Notice of Appeal, Exhibit 21 (ECF No. 16-21); Appellant's Opening Brief, Exhibit 48 (ECF No. 16-48). The Nevada Supreme Court affirmed Hendren's conviction and sentence on January 12, 2012. *See* Order of Affirmance, Exhibit 53 (ECF No. 17-4).

On January 11, 2013, Hendren filed a *pro se* petition for writ of habeas corpus in the state district court. *See* Petition for Writ of Habeas Corpus, Exhibit 57 (ECF No. 17-8). On August 7, 2013, with counsel, Hendren filed an amended petition. *See* Amended Petition for Writ of Habeas Corpus, Exhibits 61A and 61B, (ECF Nos. 17-12, 17-13). After hearing argument from the parties, the state district court denied Hendren's petition on February 17, 2015. *See* Transcript of Proceedings, January 12, 2015, Exhibit 66 (ECF No. 17-18); Findings of Fact, Conclusions of Law and Order, Exhibit 68 (ECF No. 17-20). Hendren appealed. *See* Notice of Appeal, Exhibit 71 (ECF No. 17-23); Appellant's Opening Brief, Exhibit 75 (ECF No. 17-27). The Nevada Supreme Court affirmed on December 18, 2015. *See* Order of Affirmance, Exhibit 81 (ECF No. 17-33).

This Court received Hendren's federal petition for writ of habeas corpus, initiating this action, *pro se*, on February 22, 2016 (ECF No. 6). Hendren's petition asserts the following claims:

    1.    Hendren's guilty plea was not knowingly or intelligently entered into, in violation of his federal constitutional rights. *See* Petition for Writ of Habeas Corpus (ECF No. 6), pp. 3-3A.

    2.    Hendren, received ineffective assistance of counsel, in violation of his federal constitutional rights. *See id.* at 5-5A.

        A.    Hendren's trial counsel failed to move to suppress the shotgun. *See id.* at 5A-5B.

        B.    Hendren's trial counsel "permitted a beneficial plea offer to lapse, and then advised a 'straight up' plea without the benefit of negotiations." *See id.* at 5B-5D.

        C.    Hendren's trial counsel "misled the District Court into believing [Hendren] possessed two firearms." *See id.* at 5E.

            D.      Hendren's trial counsel failed to move to withdraw the guilty plea. *See id.* at 5E-5F.

            E.      Hendren's appellate counsel failed to properly brief the issue of the validity of the guilty plea. *See id.* at 5F-5H.

            F.      The cumulative effect of the errors of Hendren's counsel violated his federal constitutional rights. *See id.* at 5H-5I.

Respondents filed an answer (ECF No. 14), and Hendren filed a reply (ECF No. 23). Hendren's habeas petition is fully briefed and before the Court for resolution on the merits of Hendren's claims.

Discussion

28 U.S.C. § 2254(d)

A federal court may not grant a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by United States Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d). A state-court ruling is "contrary to" clearly established federal law if it either applies a rule that contradicts governing Supreme Court law or reaches a result that differs from the result the Supreme Court reached on "materially indistinguishable" facts. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). A state-court ruling is "an unreasonable application" of clearly established federal law under section 2254(d) if it correctly identifies the governing legal rule but unreasonably applies the rule to the facts of the particular case. *See Williams v. Taylor*, 529 U.S. 362, 407-08 (2000). To obtain federal habeas relief for such an "unreasonable application," however, a petitioner must show that the state court's application of Supreme Court precedent was "objectively unreasonable." *Id.* at 409-10; *see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Or, in other words, habeas relief is warranted, under the "unreasonable application" clause of section 2254(d), only if the state court's ruling was

3

"so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

<u>Ground 1</u>

In Ground 1, Hendren claims that his guilty plea was not knowingly or intelligently entered into, in violation of his federal constitutional rights. *See* Petition for Writ of Habeas Corpus (ECF No. 6), pp. 3-3A. More specifically, to the extent this claim is distinguishable from the ineffective assistance of counsel claims discussed below, Hendren contends that "he was unaware of the conditions of probation that would be imposed," and "his trial counsel made threats against him to secure his participation in a constitutionally infirm proceeding." *See id*.

Hendren presented this claim in his state habeas corpus action, and, on the appeal in that action, the Nevada Supreme Court ruled as follows:

> On appeal from the denial of his January 11, 2013, petition, appellant Kenneth Arthur Hendren first argues the district court erred by concluding he entered a knowing and voluntary guilty plea. Hendren asserts he entered his plea under duress from his counsel and he did not receive a benefit from entry of his plea. Hendren fails to meet his burden to demonstrate that he did not enter a knowing and voluntary plea. *See Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994); *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986).
>
> Hendren was informed in the guilty plea agreement and at the plea canvass of the charges he faced, of the possible range of penalties, and of the rights he waived by entering a guilty plea. In addition, Hendren acknowledged in the plea agreement and at the plea canvass that he did not act under duress or due to threats. The district court concluded that the totality of the circumstances demonstrated Hendren's guilty plea was valid, *see State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000), and substantial evidence supports that conclusion. Therefore, the district court did not err in denying this claim.

Order of Affirmance, Exhibit 81, pp. 1-2 (ECF No. 17-33, pp. 2-3). The Court finds this ruling of the Nevada Supreme Court to be reasonable.

The federal constitutional guarantee of due process of law requires that a guilty plea be knowing, intelligent and voluntary. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *United States v. Delgado-Ramos*,

4

635 F.3d 1237, 1239 (9th Cir. 2011). "The voluntariness of [a petitioner's] guilty plea can be determined only by considering all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749. Those circumstances include "the subjective state of mind of the defendant...." *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). Addressing the "standard as to the voluntariness of guilty pleas," the Supreme Court has stated:

> (A) plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Brady*, 397 U.S. at 755 (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc), rev'd on other grounds, 356 U.S. 26 (1958)); *see also North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'").

In *Blackledge v. Allison*, 431 U.S. 63 (1977), the Supreme Court addressed the evidentiary weight of the record of a plea proceeding when the plea is subsequently subject to a collateral challenge. While noting that the defendant's representations at the time of his guilty plea are not "invariably insurmountable" when challenging the voluntariness of his plea, the court stated that, nonetheless, the defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and that "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74; *see also Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012); *Little v. Crawford*, 449 F.3d 1075, 1081 (9th Cir. 2006).

Hendren's assertion that his plea was not knowing and intelligent because "he was unaware of the conditions of probation that would be imposed" is plainly without merit. Hendren did not receive probation. No conditions of probation were imposed upon him.

Hendren's assertion that his plea was not knowing and intelligent because his trial counsel "made threats against him" is also meritless. Hendren makes no specific allegations, and he proffers no evidence, regarding any such alleged threats.

Moreover, the court's canvass of Hendren, when he entered his plea included the following,

> THE COURT: Is that [pleading guilty] what you want to do under the circumstances and after discussing the matter fully with your attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you think – I'm a tough sentence, do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. And you understand that you and your attorney can argue the case but so can the State, you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> \* \* \*
>
> THE COURT: Are you pleading guilty because in truth and fact you are guilty and for no other reason?
>
> THE DEFENDANT: Yes, sir.
>
> \* \* \*
>
> THE COURT: You've discussed the elements of the charge against you with your attorney and you understand what's going on today?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Again, you think – you've discussed with your attorney possible defenses, defense strategies, and circumstances in your favor?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All the foregoing elements, consequences, rights, and waiver of rights have been thoroughly explained to you by your attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You believe that pleading guilty and accepting this plea bargain is in your best interest and going to trial would not be?
>
> THE DEFENDANT: Yes, sir.

|   |   |
|---|---|
| 1 | THE COURT: You signed this Guilty Plea Agreement that I'm showing you voluntarily after consultation with your attorney? You weren't under duress or coercion to sign it? |
| 2 | |
| 3 | THE DEFENDANT: No, sir. |
| 4 | THE COURT: You're not under the influence of anything right now that would impair your ability in understanding what's going on? |
| 5 | THE DEFENDANT: No, sir. |
| 6 | THE COURT: Your attorney has answered all your questions regarding the Guilty Plea Agreement, its consequences, to your satisfaction, satisfied with his service? |
| 7 | |
| 8 | THE DEFENDANT: Yes, sir. |

Transcript of Proceedings, October 20, 2010, Exhibit 13, pp. 2-6 (ECF No. 16-13, pp. 3-7). And, the plea agreement that Hendren signed included the following:

> I am signing this memorandum voluntarily, after consultation with my attorney, and I am not acting under duress or coercion or by virtue of any promises of leniency, except for those set forth in this memorandum.
>
> I am not now under the influence of any intoxicating liquor, a controlled substance or other drug which would in any manner impair my ability to comprehend or understand this memorandum or the proceedings surrounding my entry of this plea.
>
> My attorney has answered all my questions regarding this guilty plea memorandum and its consequences to my satisfaction and I am satisfied with the services provided by my attorney.

Guilty Plea Memorandum, Exhibit 14, p. 5 (ECF No. 16-14, p. 6).

In light of Hendren's representations in open court when he entered his guilty plea, and in light of the terms of the plea agreement that he signed, and considering Hendren's failure make any specific allegations regarding the alleged threats made by his counsel, the Court finds that the state courts' ruling on this claim was not objectively unreasonable. The state court ruling was not contrary to, or an unreasonable application of *Brady*, or *Boykin*, or any other clearly established federal law as determined by United States Supreme Court. The Court will deny habeas corpus relief on Ground 1.

Ground 2

In Ground 2, Hendren claims that he received ineffective assistance of counsel, in violation of his federal constitutional rights. *See* Petition for Writ of Habeas Corpus (ECF No. 6), pp. 5-5I.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court propounded a two prong test for analysis of claims of ineffective assistance of counsel: the petitioner must demonstrate (1) that the attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. A court considering a claim of ineffective assistance of counsel must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. The petitioner's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. And, to establish prejudice under *Strickland*, it is not enough for the habeas petitioner "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. In the context of a guilty plea, to satisfy the prejudice prong of the *Strickland* test, the petitioner must show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56-60 (1985).

Where a state court previously adjudicated the claim of ineffective assistance of counsel, under *Strickland*, establishing that the decision was unreasonable under AEDPA is especially difficult. *See Harrington*, 562 U.S. at 104-05. In *Harrington*, the Supreme Court instructed:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, [*Strickland*,

8

| | |
|---|---|
| 1 | 466 U.S. at 689]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, [*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. |

*Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994-95 (2010) (acknowledging double deference required with respect to state court adjudications of *Strickland* claims).

In analyzing a claim of ineffective assistance of counsel, under *Strickland*, a court may first consider either the question of deficient performance or the question of prejudice; if the petitioner fails to satisfy one element of the claim, the court need not consider the other. *See Strickland*, 466 U.S. at 697.

Hendren first claims that his trial counsel was ineffective for failing to move to suppress the shotgun. *See* Petition for Writ of Habeas Corpus (ECF No. 6), pp. 5A-5B. Hendren asserted this claim in his state habeas corpus action, and the Nevada Supreme Court rejected it, ruling as follows:

> … Hendren argues his counsel was ineffective for failing to move to suppress the shotgun discovered in his vehicle because the traffic stop may have been pretextual. Hendren fails to demonstrate his counsel's performance was deficient or resulting prejudice. The record before this court shows the police officer stopped Hendren's vehicle for the failure to illuminate his license plate. As the officer's decision to effectuate a traffic stop need only be supported by reasonable suspicion of illegal activity, *see State v. Rincon,* 122 Nev. 1170, 1173, 147 P.3d 233, 235 (2006). Hendren fails to demonstrate counsel was objectively unreasonable for failing to file a motion to suppress. Hendren also fails to demonstrate a reasonable probability of a different outcome had counsel sought to suppress the shotgun evidence because he does not demonstrate the traffic stop was unlawful. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Order of Affirmance, Exhibit 81, pp. 2-3 (ECF No. 17-33, pp. 3-4). This ruling was reasonable. Hendren has never alleged with any specificity, and he has never proffered any evidence, establishing any basis for his contention that the traffic stop "was likely pretextual." *See* Petition for Writ of Habeas Corpus (ECF No. 6), pp. 5A-5B.

Second, Hendren claims that his trial counsel was ineffective because he "permitted a beneficial plea offer to lapse, and then advised a 'straight up' plea without the benefit of negotiations." *See* Petition for Writ of Habeas Corpus (ECF No. 6), pp. 5B-5D. Hendren asserted this claim in his state habeas action; the Nevada Supreme Court affirmed the denial of relief on the claim, ruling as follows:

> … Hendren argues his counsel was ineffective for advising Hendren to reject a plea offer. Hendren also argues his counsel improperly advised him to enter a guilty plea at a later time, which resulted in a longer sentence than he would have faced had he accepted the earlier offer. Hendren fails to demonstrate his counsel's performance was deficient or resulting prejudice. Hendren alleged in his petition counsel advised him that the initial plea offer was not favorable and that they should proceed to trial. Hendren fails to demonstrate this was the advice of objectively unreasonable counsel. The record further reveals Hendren later chose to plead guilty without conducting negotiations with the State and the district court canvassed Hendren personally regarding that decision. Therefore, Hendren fails to demonstrate a reasonable probability of a different outcome had counsel offered different advice regarding Hendren's choice to plead guilty. Moreover, Hendren fails to meet his burden to demonstrate that he was prejudiced by his counsel's performance, as he does not demonstrate counsel could have obtained any favorable concessions from the State or that the district court would have accepted those concessions, particularly given the evidence of his guilt and a lengthy criminal record. *See Lafler v. Cooper,* 566 U.S. \_\_\_, \_\_\_, 132 S.Ct. 1376, 1385 (2012); *Missouri v. Frye,* 566 U.S. \_\_\_, \_\_\_, 132 S.Ct. 1399, 1408-09. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Order of Affirmance, Exhibit 81, p. 3 (ECF No. 17-33, p. 4). This ruling was not objectively unreasonable. In essence, Hendren's claim is based on the fact that he considered and, on the advice of counsel, rejected an earlier plea offer that he perceives to have been more advantageous than the plea offer he later accepted. This does not amount to a showing that his counsel acted unreasonably in advising Hendren to reject the first plea offer or to accept the second. Moreover, Hendren does not show that the plea agreement he eventually accepted was in fact less advantageous than the plea offer he earlier rejected; under the plea agreement that Hendren entered, he was able to, and did in fact, argue (albeit unsuccessfully) for a sentence with parole eligibility after one year in prison. *See* Transcript of Proceedings, Sentencing, February 16, 2011, pp. 5-6 (ECF No. 16-16, pp. 6-7).

Third, Hendren claims that his trial counsel was ineffective because he "misled the District Court into believing [Hendren] possessed two firearms." *See* Petition for Writ of Habeas Corpus (ECF No. 6), p. 5E. Hendren asserted this claim in his state habeas action; the Nevada Supreme Court affirmed the denial of relief on the claim, ruling as follows:

> … Hendren argues his counsel was ineffective for stating at the sentencing hearing that Hendren had two firearms when he actually only had one. Hendren fails to demonstrate he was prejudiced. At the sentencing hearing, counsel mistakenly stated Hendren possessed two firearms when he actually possessed only one. However, the additional information before the district court correctly explained Hendren only possessed one firearm. Moreover, it is clear from the record the district court sentenced Hendren based upon his lengthy criminal history and not based upon counsel's misstatement. Under these circumstances, Hendren fails to demonstrate a reasonable probability of a different outcome had counsel not made the misstatement. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Order of Affirmance, Exhibit 81, p. 4 (ECF No. 17-33, p. 5). This ruling, too, was reasonable. Under the circumstances, the Nevada Supreme Court could reasonably have concluded that Hendren's counsel's misstatement regarding the number of firearms he possessed had no influence on the sentence ultimately imposed, and that, moreover, the sentencing court knew, from other sources, that Hendren was accused of possessing only one firearm.

Fourth, Hendren claims that his trial counsel was ineffective because he failed to move to withdraw the guilty plea. *See* Petition for Writ of Habeas Corpus (ECF No. 6), pp. 5E-5F. The Nevada Supreme Court rejected this claim as follows:

> … Hendren argues his counsel was ineffective for failing to file a presentence motion to withdraw his guilty plea. Hendren fails to demonstrate counsel's performance was deficient or resulting prejudice. As stated previously, the record demonstrates Hendren's guilty plea was valid. Hendren fails to demonstrate objectively reasonable counsel would have moved to withdraw Hendren's plea under these circumstances. Hendren fails to demonstrate a reasonable probability of a different outcome had counsel sought to withdraw his guilty plea. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Order of Affirmance, Exhibit 81, p. 4 (ECF No. 17-33, p. 5). This Court finds the Nevada Supreme Court's ruling on this claim to be reasonable. Hendren has made no showing

11

that there was any valid ground upon which his counsel could have sought withdrawal of his guilty plea.

Fifth, Hendren claims that his appellate counsel was ineffective, on his direct appeal, for failing "to properly brief the issue of the validity of [Hendren's] plea." *See* Petition for Writ of Habeas Corpus (ECF No. 6), pp. 5F-5H. Regarding this claim, the Nevada Supreme Court ruled as follows:

> Next, Hendren argues his appellate counsel was ineffective for failing to properly argue the validity of his guilty plea in his briefs on direct appeal. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. [*Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996).] On direct appeal, the Nevada Supreme Court concluded a challenge to the validity of Hendren's guilty plea was not appropriately raised because he did not challenge it in the district court in the first instance. *Hendren v. State*, Docket No. 57893 (Order of Affirmance, January 12, 2012). Because this claim was not appropriately raised on direct appeal, Hendren fails to demonstrate a reasonable probability of success on appeal had appellate counsel raised different arguments. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Order of Affirmance, Exhibit 81, pp. 4-5 (ECF No. 17-33, pp. 5-6). This Court finds this ruling, as well, to be reasonable, both for the reason stated by the Nevada Supreme Court, and for the additional, more fundamental, reason that Hendren has never made any showing that there was any ground upon which appellate counsel could have argued successfully that Hendren's guilty plea was invalid.

Finally, Hendren claims that the cumulative effect of the errors of Hendren's counsel was a violation of his federal constitutional rights. *See* Petition for Writ of Habeas Corpus (ECF No. 6), pp. 5H-5I. As the Court determines that there was no ineffective assistance of counsel, there are no errors of counsel to be considered cumulatively. This claim fails.

In sum, the Court finds that the state courts' ruling that Hendren's federal constitutional right to effective assistance of counsel was not violated was not contrary to, or an unreasonable application of *Strickland*, or any other clearly established federal law

as determined by United States Supreme Court. The Court will deny habeas corpus relief on Ground 2.

Certificate of Appealability

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Supreme Court further illuminated the standard in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

The Court has considered all of Hendren's claims with respect to whether they satisfy the standard for issuance of a certificate of appeal, and determines that none of them do. The Court will deny Hendren a certificate of appealability.

**IT IS THEREFORE ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court shall substitute Jo Gentry for Brian E. Williams, on the docket for this case, as the respondent warden, and shall update the caption of the action to reflect this change.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus in this case (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **ENTER JUDGMENT ACCORDINGLY**.

Dated: March 27, 2018.

_____
ANDREW P. GORDON,
UNITED STATES DISTRICT JUDGE